IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JIMMY SCOTT, on behalf of himself and )
others similarly situated, )
)
    Plaintiff, )
)
v. )  Civil Action No.:
)
E.W. RESHARD, INC., )
)
    Defendant. )
_____ )

## COMPLAINT

COMES NOW the Plaintiff, JIMMY SCOTT ("PLAINTIFF") on behalf of himself and others similarly situated, and files this Complaint against DEFENDANT, E.W. RESHARD, INC., ("DEFENDANT"), respectfully stating unto the Court the following:

## GENERAL ALLEGATIONS

1. This is a cause of action to recover back pay, liquidated damages, attorney fees, costs of litigation and other relief from DEFENDANT for violations of the Fair Labor Standards Act ("FLSA") and for breach of contract.

2. At all material times, PLAINTIFF was a citizen and resident of Florida.

3. At all material times, DEFENDANT was a Florida corporation, with a principal address in Gainesville Florida, which provided landscaping services in the Northern District of Florida, and PLAINTIFF performed work for DEFENDANT in Alachua County, Florida.

## BACKGROUND

4. PLAINTIFF brings this action to require DEFENDANT to pay back wages owed to

PLAINTIFF, which DEFENDANT failed to pay in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Upon information and belief, at all relevant times, DEFENDANT had two or more employees, including PLAINTIFF, who regularly handled goods that moved in or were produced for interstate commerce that were used to provide landscaping services.

7. At all relevant times, DEFENDANT was an enterprise engaged in commerce as defined at 29 U.S.C. § 203.

8. Upon information and belief, at all relevant times, DEFENDANT had annual gross sales in excess of $500,000.00.

9. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216.

10. In or around February 2018, DEFENDANT hired PLAINTIFF to work as a landscaper at a rate of pay of $9 per hour and he remained in that capacity until DEFENDANT constructively discharged him in or around August 2018.

11. The FLSA requires an employer to pay its employees at a rate of at least minimum wage for all hours worked and also requires an employer to pay its employees time and one-half when they work more than 40 hours per week.

12. Throughout his employment, PLAINTIFF worked at least from 8:00 a.m. until 5:00 or 6:00 p.m. Monday through Friday and Saturdays from 6:00 a.m. until 3:00 or 4:00 p.m. but was never paid more than straight time for the hours he worked and was not paid even straight time for each hour he worked.

13. From the beginning of his employment, PLAINTIFF was incarcerated at a halfway house called the Santa Fe Bridge Community Release Center and during this time, DEFENDANT never paid PLAINTIFF for all the hours he worked and never paid him overtime when he worked more than 40 hours in a week. This is despite PLAINTIFF working 50 to 60 hours per week for DEFENDANT. The proposed additional class of individuals consists of landscapers who, like PLAINTIFF, were not paid for all the hours they worked, and all individuals employed by DEFENDANT who were never paid more than straight time despite working hours that should have been paid at an overtime rate.

14. Upon information and belief, DEFENDANT has, since the beginning of PLAINTIFF'S employment, willingly, deliberately and intentionally refused to pay PLAINTIFF and those similarly situated at a rate of one and one-half times their usual hourly rate when they worked more than 40 hours per week and at their agreed rate of pay ($9 per hour in PLAINTIFF'S case) for each hour they worked.

15. PLAINTIFF and those similarly situated therefore are owed compensation for time actually worked but not paid at the appropriate overtime rate by DEFENDANT, who willingly and knowingly withheld those wages.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

17. DEFENDANT regularly engages in commerce and its employees, including PLAINTIFF and those similarly situated, handled and used materials, which have moved in interstate commerce.

18. At all relevant times, DEFENDANT was an employer within the meaning of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. and is subject to the provisions of the Act.

19. PLAINTIFF, at all relevant times was a non-exempt employee of DEFENDANT, as defined by the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. who performed work for which he did not receive appropriate compensation.

20. During his employment with DEFENDANTS, PLAINTIFF performed work for which he was not properly compensated in violation of the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. More specifically, DEFENDANTS violated the overtime provisions of the Fair Labor Standards Act by not paying PLAINTIFF time and one-half when he worked more than 40 hours in a week and the minimum wage provision by not paying him at least minimum wage for every hour he worked.

21. Upon information and belief, DEFENDANT'S pay system was unilaterally imposed upon PLAINTIFF and those similarly situated by DEFENDANT.

22. DEFENDANT'S failure to compensate properly PLAINTIFF and those similarly situated violates the overtime and minimum wage provision provisions of the FLSA and the regulations thereunder.

23. DEFENDANT'S failure to compensate PLAINTIFF and those similarly situated for their overtime was a willful and knowing violation of the Act as was the failure to pay them at least minimum wage.

24. As a result of DEFENDANT'S willful and knowing failure to properly compensate PLAINTIFF, he has suffered substantial delay in receipt of wages owed and damages.

25. Pursuant to 29 U.S.C. §§206, 207 and 216, DEFENDANT owes PLAINTIFF and those similarly situated compensation at a rate of one and one-half times their agreed hourly rate for the overtime hours they worked, minimum wage for each hour they worked and an additional equal amount as liquidated damages, together with an additional sum for attorney's fees and costs of litigation.

26. All conditions precedent to maintaining this action have occurred or otherwise been waived.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF and those similarly situated will recover unpaid wages, liquidated damages, pre- and post-judgment interest, nominal damages, attorney's fees and costs of litigation, and other relief by reason of DEFENDANT'S violations of the FLSA; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

**COUNT II**
**FLSA-RETALIATION**

27. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

28. Throughout his employment, PLAINTIFF complained to DEFENDANT that he was not getting paid what he was owed.

29. In or around August 2018, DEFENDANT terminated PLAINTIFF. Upon information and belief, this decision to terminate PLAINTIFF was based at least in part on PLAINTIFF requesting DEFENDANT pay him what he was owed.

30. As a result of his termination, PLAINTIFF suffered a loss of income, humiliation and embarrassment and was sent from the halfway house back to prison.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully

prays the Court that PLAINTIFF will recover lost wages and fringe benefits, damages for mental anguish, embarrassment and humiliation, punitive damages, pre- and post-judgment interest, other compensatory damages, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANT'S violation of the FLSA's retaliation provision; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

## COUNT III
## BREACH OF CONTRACT

31. The General Allegations and Background are hereby incorporated by reference as though fully set forth herein.

32. DEFENDANT breached its employment agreement with PLAINTIFF by failing to pay PLAINTIFF the agreed rate of pay for all the hours he worked.  In that regard, DEFENDANT told PLAINTIFF that he would be paid $9 per hour for each hour that he worked and that DEFENDANT would hold money for PLAINTIFF until he was released from incarceration.

33. PLAINTIFF worked for DEFENDANT as was required by their agreement, but DEFENDANT did not give PLAINTIFF the money it agreed to pay him for his work and PLAINTIFF has been required to obtain an attorney to seek his compensation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover lost wages, pre- and post-judgment interest, attorney's fees and costs of litigation, nominal damages, and other relief by reason of DEFENDANT'S breach of contract; for a trial by jury on all issues so triable, and, for such other and further relief as the Court may deem just and proper.

Dated:  November 9, 2020

Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**

**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF